AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Luis Cesareo Alvarez-Ibarra | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 8:26-MJ-1565-AEP

_Defendant(s)_

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ February 4, 2026 _____ in the county of _____ Pinellas _____ in the

_____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a) and (b)(1) | Illegal Re-Entry by Deported Alien |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_Michelle M Ciolek_
_Complainant's signature_

Michelle Ciolek, HSI Special Agent
_Printed name and title_

Sworn to before me over the telephone or other reliable electronic means and signed by me
pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: ___3/16/26___

_Judge's signature_

City and state: _____ Tampa, Florida _____      ANTHONY E. PORCELLI, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, Michelle Ciolek, being duly sworn, hereby deposes and states as follows:

1.      I submit this affidavit in support of a criminal complaint charging Luis Cesareo Alvarez-Ibarra (hereafter "**ALVAREZ-Ibarra**"), a native and citizen of Mexico, with being an alien found in the United States without permission after being previously removed subsequent to a felony offense, in violation of 8 U.S.C. §§ 1326(a), and (b)(1). The statements contained in this affidavit are based on my personal knowledge and experience, and reliable information from other law enforcement officers and computer databases. Because of the limited purpose of this affidavit, I have not included every fact known to me. Rather, I have included only those facts necessary to establish probable cause supporting the requested complaint.

2.      I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI), presently assigned to the Office of the Special Agent in Charge, Tampa, Florida (HSI Tampa). I have been employed as a Special Agent with HSI since October 2025. Prior to this, I was a Special Agent with the Food and Drug Administration, Office of Criminal Investigations (FDA/OCI) from January 2007 through May 2022, and the United States Secret Service (USSS) from January 2000 through January 2007.

3.      As a Special Agent, I am charged with enforcing United States immigration laws, both administrative and criminal, including investigating violations of such laws and making arrests of removable aliens in accordance with

these laws. I am a federal law enforcement officer with authority to execute arrest and search warrants under the authority of the United States.

## PROBABLE CAUSE

4. On February 4, 2026, the U.S. Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Miami Interoperability Response Center (IRC) encountered **ALVAREZ-Ibarra** after being contacted by an officer with the Tarpon Springs Police Department. During an IRC telephone interview, **ALVAREZ-Ibarra** confirmed his identity and prior removals.

5. On February 4, 2026, a Tarpon Springs Police Department Officer conducted a traffic stop on **ALVAREZ-Ibarra** for failing to stop for a school bus. **ALVAREZ-Ibarra** provided the officer a false name, and did not have a valid Florida driver license. During a search incident to arrest an Officer located a fraudulent identification card on **ALVAREZ-Ibarra**. **ALVAREZ-Ibarra** was transported to the Pinellas County Jail, which is located within the Middle District of Florida. Based on these findings, the IRC prepared a detainer package and transmitted it to the Pinellas County Jail where an immigration detainer was lodged against **ALVAREZ-Ibarra**.

6. Immigration Records located in the Central Index System as well as other Department of Homeland Security systems were conducted. Those records were reviewed as well as documents contained within **ALVAREZ-Ibarra**'s Alien file

("A-File"), A079 162 964. Upon reviewing these sources, this affiant determined **ALVAREZ-Ibarra** is a native and citizen of Mexico.

7.     On February 2, 2001, **ALVAREZ-Ibarra** was encountered by Immigration Inspectors at the San Ysidro, California Port of Entry. At that time, he was served with a Notice and Order of Expedited Removal in person. On February 2, 2001, **ALVAREZ-Ibarra** was removed from the United States via Expedited Removal at Otay Mesa, California Port of Entry.

8.     **ALVAREZ-Ibarra** was again encountered by Immigration Inspectors at the San Ysidro, California Port of Entry on February 4, 2001, and was served with a Notice and Order of Expedited Removal in person.

9.     On February 5, 2001, **ALVAREZ-Ibarra** was subsequently removed from the United States via the San Ysidro, California Port of Entry.

10.     On April 4, 2001, Border Patrol (BP) encountered **ALVAREZ-Ibarra** at or near Nogales, Arizona. **ALVAREZ-Ibarra** was subsequently voluntary removed to Mexico.

11.     On or about February 5, 2018, **ALVAREZ-Ibarra** was targeted by the Raleigh Fugitive Operations Team and HSI based on his prior removals from the United States and information obtained from the United States State Department indicating **ALVAREZ-Ibarra** was using the identity of a United States citizen. On or about February 20, 2018, **ALVAREZ-Ibarra** was identified as the driver of a GMC Arcadia bearing Florida license plate GSMS48, which was subsequently stopped.

3

ALVAREZ-Ibarra was asked his name, to which he replied, "Luis Alvarez." ALVAREZ-Ibarra was then asked if he had any identification documents, to which he replied, "It's at the house." ALVAREZ-Ibarra was then asked if he had ever been removed from the United States, to which he replied, "Yes. Back in 1999 or 2000." ALVAREZ-Ibarra was then asked if he had ever used any other names, to which he replied, "Yes., for work." At the time of his arrest, ALVAREZ-Ibarra was in possession of a wallet. ALVAREZ-Ibarra consented to a search of the wallet for identification. Pursuant to the consensual search of the wallet, a North Carolina state issued driver's license bearing the name Hector Plaza-Rodriguez with ALVAREZ-Ibarra's photograph was located.

12.    On February 21, 2018, ALVAREZ-Ibarra was charged via Complaint for violations of 18 U.S.C. § 408(a)(7)(B), Misuse of a Social Security Number, and 18 U.S.C. § 1028A(1)(a), Aggravated Identity Theft.

13.    On March 7, 2018, ALVAREZ-Ibarra was Indicted in the Eastern District of North Carolina on Misuse of a Social Security Number in violation of 18 U.S.C. § 408(a)(7)(B), Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(1)(a), and Reentry of a Removed Alien in Violation of 8 U.S.C. § 1326(a).

14.    On August 8, 2018, ALVAREZ-Ibarra was convicted in the United States District Court, Eastern District of North Carolina for the offense of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(1)(a) and Reentry of a

4

Removed Alien, in violation of 8 U.S.C. § 1326(a). He was sentenced to a term of imprisonment of 25 months followed by one (1) year of Supervised Release.

15.     On October 25, 2019, **ALVAREZ-Ibarra** was encountered by Enforcement and Removal Operations, Savannah, while he was serving the aforementioned sentence.

16.     On December 16, 2019, **ALVAREZ-Ibarra** was removed from the United States, at Hildago, Texas Port of Entry.

17.     On February 4, 2026, as previously discussed **ALVAREZ-Ibarra** was found in the United States after being arrested by the Tarpon Springs Police Department.

18.     On March 13, 2026, **ALVAREZ-Ibarra** was turned over to Tampa Enforcement and Removal Operations as a result of the immigration detainer previously issued. At that time, **ALVAREZ-Ibarra**'s fingerprints were submitted through the Department of Homeland Security biometric identification database and compared with those taken prior to his removal from the United States. The results confirmed the fingerprints are the same person.

19.     On March 13, 2026, Deportation Officer Yeisha Soto interviewed **ALVAREZ-Ibarra** under oath. At that time, **ALVAREZ-Ibarra** confirmed his legal name is Luis Alvarez-Ibarra; he was born in Mexico; he has previously been encountered on several occasions; and because of said encounters, he has been deported.

5

20.    ICE ERO is not aware of any evidence indicating **ALVAREZ-Ibarra** re-entered the United States involuntarily. No information exists, either in the A-File or computer databases, showing **ALVAREZ-Ibarra** has received permission from the Attorney General, the Secretary for the Department of Homeland Security, or any other immigration official to either re-enter the United States after having been previously removed or to reapply for admission to the United States after having been previously removed.

### CONCLUSION

21.    Based on the foregoing information, this affiant respectfully submits that probable cause exists to believe **ALVAREZ-Ibarra** is a citizen and national of Mexico and is an alien found in the United States without permission after removal subsequent to a felony conviction, in violation of 8 U.S.C. §§ 1326(a), and (b)(1).

Michelle M. Ciolek
Special Agent
Homeland Security Investigations

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4 and 4.1, before me this 16 day of March, 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

6